IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO



FILED
2014 JUL 28 PM 2: 37
U.S. DISTRICT COURT
N. DIST. OF OHIO
CLEVELAND

Civil Case No. 1:14 CV 1654

JUDGE POLSTER
MAG. JUDGE VECCHIARELLI

ARTHUR GREEN,
on behalf of the United States of America,
Plaintiff/Relator

vs.

UNIVERSITY OF PHEONIX, et al

Defendants

FILED UNDER SEAL
JURY TRIAL DEMANDED

## QUI TAM COMPLAINT

Plaintiff and Relator Arthur Green alleges as follows:

### I. Introduction

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims approved and presented by Defendants to obtain billions of dollars annually from the United States Department of Education pursuant to the Higher Education Act, Title IV ("HEA"), from at least January 1, 1997, continually through the present.

2. Defendant University of Phoenix ("UOP") is the largest recipient of HEA Federal student financial aid funds from the United States Department of Education.

3. UOP pressures its employees to attend UOP as students to fraudulently inflate its graduation and job placement statistics and to help the institution to meet

the "90/10 Rule." Until recently, employees attended UOP tuition-free. Yet, UOP urged its employees to represent to the federal government that they are paying full-tuition, causing them to receive thousands of dollars in financial aid to which they are not entitled. Defendants boast to their employees that these fraudulently procured federal grants and loans are a direct benefit of being a UOP employee and that they should be thought of as a "bonus." **Director of Enrollment**", Elisa Butler, boasted that she took her family on "vacations and other personal outings" with her fraudulently procured loans and stressed that no other job allows employees to have access to low interest government loans to take a vacation, pay for expensive home improvements, or pay for a wedding. In requesting and receiving aid for their employees, Defendants falsely represented that they are charging their employees tuition when they are not.

4. Defendants also train their enrollment counselors and students to falsify the loan applications of students who do not qualify because they either lack a GED or have not graduated high school from an accredited school. For instance, Relator was told to falsify the loan application of Napoleon Abner (enrolled June 2012) because Manager Dwane Newsome told the Relator that he was in "No Position to turn away students". Mr. Abner did not have a GED or high school diploma and otherwise would not have qualified for financial aid.

5. In April, 2011, UOP learned by monitoring emails that Relator was considering "blowing the whistle" on UOP's illegal activities relative to their knowing enrollment of and falsification of loan documents for individuals that did not qualify for financial aid. Within hours, UOP ordered every employee of UOP to

"power down" their computers "for routine maintenance." When the employees were allowed to return to the computers, various evidence of UOP's intentional violations had been removed and new disclaimers suggesting compliance were added to various documents, including past completed applications for student loans.

4. Relators assert causes of action under the False Claims Act for submission of a knowingly false or fraudulent claims for payment or approval, and knowing false records or statements to get a false or fraudulent claim paid or approved in violation of 31 U.S.C. 3729(a)(1).

## II. Jurisdiction and Venue

5. This is an action brought pursuant to the False Caims Act, 31 U.S.C 37729, et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331. This case arises from the fraudulent conduct of the Defendant's incident to obtaining funds from the United States Department of Education pursuant to the Higher Education Act, Title IV.

6. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. 3732(a).

7. 31 U.S.C. 3732(a) authorizes this case to be brought in any judicial district in which Defendant transacts business. Venue is proper in the Northern District of Ohio because Defendants maintain a campus within this District.

## III. Plaintiff

8. Qui Tam Plaintiff Arthur Green is a citizen of the United States of America

and is a resident of Cleveland, in Cuyahoga County, Ohio. Green worked for Defendants from July, 2009 through June 12, 2012.

9. Relator has simultaneously with the filing of this Complaint, provided to the United States Attorney for the Northern District of Ohio a statement of all material evidence and information related to this Complaint.

10. The United States of America is here named a plaintiff because funds of the United States of America ("Federal funds") were and are awarded to defendant UOP, pursuant to the HEA, as a result of the false claims alleged in this Complaint.

### IV. Defendants

11. Defendant UOP is the nations largest private for profit higher education Institutions providing education programs for working adults. UOP maintains campuses in Ohio, including a campus located within the jurisdiction of the Court. UOP has over 100 locations and an online program, enrolling approximately 300,000 students.

12. Defendant UOP is headquartered in Phoenix, Arizona and is an Arizona Corporation. UOP is one of the largest recipients of Higher Education Act, Title IV ("HEA") federal student financial aid funds from the United States Department of Education.

13. Defendant The Apollo Group, Inc., is an Arizona corporation that wholly owns its subsidiary UOP and is jointly liable for all claims against UOP.

14. Defendant John Does 1-100 are unknown to Plaintiffs at this time and are joined herein under fictitious names. When the identities of these defendants are ascertained, Plaintiffs will seek leave to amend accordingly. Each John Doe

Defendant is responsible in some actionable manner for the events, occurrences, injuries, and damages alleged herein.

15. "Defendants" refers collectively to UOP and Apollo acting by and through their managerial employees, as well as to each individually. UOP refers collectively to all of its groups, including online programs.

16. As to all facts alleged herein, managerial employees of Defendants were acting within the course and scope of their employment with Defendant, and with the knowledge and consent of the Defendants.

17. At all relevant times, each Defendant was the authorized agent of the other.

## V. False Claims

18. All higher education institutions that receive funds under Title IV of the Higher Education Act (HEA) must certify to the United States Department of Education ("ED") in a Program Participation Agreement that they are complying with various legal requirements. By entering into a program participation agreement, for-profit institutions like Defendants certify that they will "comply with all statutory provisions of or applicable to Title IV of the HEA, all applicable regulatory provisions prescribed under that statutory authority, and all applicable special arrangements, agreements, and limitations entered into under the authority of statutes applicable to Title IV of the HEA, including the requirement that the institution will use funds it receives under any Title IV, HEA program and any interest or other earnings thereon, solely for the purposes specified in and in accordance with that program. 34 CFR 668.14 (b)(1).

19. Defendants are in knowing violation of 31 U.S.C. 3729 (a)(1)(A-C) and have been since at least July of 2008. Despite this fact, UOP falsely certifies it is in compliance with the PPA's requirements.

## First Cause of Action

20. The allegations of paragraphs 1-19 are incorporated by reference herein.

21. 31 U.S.C. 3729 prohibits higher education institutions from "knowingly presenting or causing to be presented a false or fraudulent claim for payment or approval." 31 U.S.C. 3729 (a)(1)(A).

22. Since at least July of 2008, Defendants have submitted false claims to the United States of America, both by express and implied certifications, in violation of 31 U.S.C. 3729 (a)(1)(A).

23. Relators estimate the Defendants' conduct caused the United States to sustain damages during the applicable period to present to be billions of dollars.

## Second Cause of Action

24. The allegations of paragraphs 1-23 are incorporated by reference herein.

25. 31 U.S.C. 3729 prohibits higher education institutions from knowingly making, using, or causing to be made or used, "a false record or statement material to a false or fraudulent claim." 31 U.S.C. 3729 (a)(1)(B).

26. Since at least 2009, Defendants have submitted false claims to the United States of America, both by express and implied certifications, in violation of 31 U.S.C. 3729 (a)(1)(B).

27. Relators estimate the Defendants' conduct caused the United States to

Respectfully submitted,

_____
K. RENEE VINING-SAKS (0078566)

The Vining Law Office, LLC
2997 North Park Blvd.
Cleveland Heights, OH 44118
216-904-3621
vininglawoffice@yahoo.com

MICHAEL B. PASTERNAK (0059816)
Park Center II, Suite 411
3681 South Green Road
Beachwood, OH 44122
(216) 360-8500
(216) 360-8501 Fax
Mpasternak1@msn.com

Attorneys for Relator

## DEMAND FOR JURY

Plaintiff demands a jury trial pursuant to FRCP 38.

K. Renee Vining-Saks

_____