**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | § | |
| ARTHUR GREEN, *et al.*, | § | |
| | § | |
| Relators, | § | |
| | § | |
| | § | |
| v. | § | **CASE NO.:  1:14 CV 1654** |
| | § | |
| THE UNIVERSITY OF PHOENIX, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant The University of Phoenix, Inc. (the "University") files this answer to the Second Amended Complaint (ECF No. 29, the "Complaint") filed by Relators Arthur Green ("Green") and Michelle Lee ("Lee"; along with Green, collectively, "Relators") and responds to the factual allegations of the numbered paragraphs as follows:[1]

**COMPLAINT**

**I.      INTRODUCTION**

1.      The University admits that an office of the United States Department of Education (the "DOE") is responsible for managing the student financial assistance programs authorized under Title IV of the Higher Education Act of 1965 (as amended, the "HEA").  The HEA speaks for itself, and, accordingly, the University denies any allegations to the extent the allegations are inconsistent therewith.

2.      The University admits that the federal government guarantees certain grants and

_____

[1] The University denies that the various headings and subheadings contained in the Complaint constitute allegations of fact that require a response from the University.  All such headings and subheadings are, therefore, denied.

1

loans in connection with providing certain students with financial aid.  The HEA speaks for itself, and, accordingly, the University denies any allegations to the extent the allegations are inconsistent therewith.

3.       The University denies the allegations contained in Paragraph 3.

4.       The University denies the allegations contained in Paragraph 4.

5.       The University admits that the Complaint purports to assert claims against the University via the FCA's qui-tam provisions.  To the extent Paragraph 5 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies that it is liable under the FCA in connection with the Complaint's allegations and that any relief sought in the Complaint is warranted.

6.       To the extent Paragraph 6 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 6.

7.       The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of whether Green provided any materials to the government prior to bringing this lawsuit and, accordingly, the University denies the allegations contained in Paragraph 7.

8.       The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of whether Green provided any materials to the government prior to bringing this lawsuit or their purported contents, if any, and the University therefore denies the allegations contained in Paragraph 8.

9.       To the extent Paragraph 9 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the

remaining allegations contained in Paragraph 9.

10.    The Complaint does not include a Paragraph 10, so no response is required.

## II.    JURISDICTION AND VENUE

11.    The University denies that it engaged in conduct proscribed by 31 U.S.C. § 3729 *et seq*.  The remaining allegations contained in Paragraph 11 attempt to state conclusions of law to which no response is required and, accordingly, the University denies the allegations.

12.    The University denies that it engaged in conduct proscribed by 31 U.S.C. § 3729 *et seq*.  The remaining allegations contained in Paragraph 12 attempt to state conclusions of law to which no response is required and, accordingly, the University denies the allegations.

13.    The University denies that it engaged in conduct proscribed by 31 U.S.C. § 3729 *et seq*.  The University admits that it does business in the Northern District of Ohio, Eastern Division and that venue in this judicial district is permissible.

## III.    PARTIES AND OTHER ENTITIES

14.    The University admits the allegations contained in Paragraph 14.

15.    The University admits the allegations contained in Paragraph 15.

16.    The University admits that Green was a former employee of the University who worked at the Cleveland campus as an enrollment representative between July 2009 and June 2012. The University admits that Lee is a current employee of the University who started in 2005 and who has worked as an enrollment representative and an executive enrollment representative at the University's Phoenix, Arizona, Honolulu, HI, and Santa Theresa, NM locations.  The University denies the remaining allegations contained in Paragraph 16.

17.    The University admits that Relators specifically agreed to abide by certain policies throughout their respective employments.    The policies addressed, among other things,

compliance, legal obligations, and tuition waivers.  The University denies the remaining allegations contained in Paragraph 17.

## IV.     HISTORY OF THE FEDERAL FALSE CLAIMS ACT

18.     The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 18 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

19.     The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 19 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

20.     The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 20 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

21.     The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 21 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

22.     The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 22 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

4

23.    The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 23 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

## V.    THE TITLE IV HIGHER EDUCATION ACT ("HEA") PROGRAM

24.    The University denies the allegations contained in Paragraph 24.

25.    The University admits that certain forms of grants and loans for its students are provided initially to the University before being disbursed to the students.  The University denies the remaining allegations contained in Paragraph 25.

26.    The University admits that a university seeking to participate in the Title IV HEA student loan program must execute a Program Participation Agreement ("PPA") in order to receive student loans, apply them to educational costs and expenses, and disburse them to students. The PPA and statements contained within it speak for themselves, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 26 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

27.    The PPA and statements contained within it speak for themselves, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 27, including its subparts, attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

28.    The University admits that the University has executed PPAs. The PPAs and statements contained within it speak for themselves, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 28

attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

29.     The PPAs and statements contained therein speak for themselves, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith. To the extent Paragraph 29 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

## VI.     VIOLATIONS OF THE FALSE CLAIMS ACT – FALSE RECORDS OR STATEMENTS

### A.     Summary

30.     The University denies the allegations contained in Paragraph 30.

31.     The University denies the allegations contained in Paragraph 31.

### B.     Allegations Regarding Respondent's Unlawful Conduct

#### 1.     GED Certificates

32.     The University admits that part of the job duties of Relators was to advise applicants regarding the University's enrollment process. The University denies the remaining allegations contained in Paragraph 32 to the extent that they imply that Relators' job duties were to serve as primary points of contact for financial aid purposes, including Title IV HEA program assistance.

33.     The University admits that Green's supervisors during his employment included Dwayne Newsome, Elisa Butler, Joel Terman and Steven Busher, and that Gina Cuffari is a campus director. The University denies the remaining allegations contained in Paragraph 33.

34.     The University admits that the application process for a student included the completion of several on-line forms and that certain applicants elected to complete forms on the University's Financial Aid Web website, which included a financial aid application for the University's use. The University denies the remaining allegations contained in Paragraph 34.

35.     The University admits that the student financial aid application process for Title IV HEA funding requires the submission of the Free Application for Federal Student Aid ("FAFSA") through the DOE's FAFSA on the Web ("FOTW") website, or on paper.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the remaining allegations contained in Paragraph 35 and, accordingly, the University denies them.

36.     The University admits that University representatives would advise student applicants regarding the University application process and, on occasion, would assist student applicants with obtaining access to the FAFSA.  The University denies any remaining allegations contained in Paragraph 36.

37.     The University admits that the University sent financial aid letters to students notifying them of their eligibility to obtain student loans and providing information about their financial aid award following its provision by the DOE.

38.     The University denies the allegations contained in Paragraph 38 and states that federal regulation 34 C.F.R. 668.32(e)(5) speaks for itself.

39.     The FAFSA speaks for itself, and, accordingly, the University denies any allegations to the extent the allegations are inconsistent therewith.

40.     34 C.F.R. 668.32(e)(1) speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 40 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

41.     The University denies the allegations contained in Paragraph 41.

42.     The University denies the allegations contained in Paragraph 42.

43.     The University denies that the University's management had knowledge of any

7

practices regarding false certification of GED status.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged email or other remaining allegations contained in Paragraph 43 and, accordingly, denies the allegations.

### 2. GED Certificates – False Claims

44.     The University denies the allegations contained in Paragraph 44.

45.     The University denies the allegations contained in Paragraph 45.

46.     The University denies the allegations contained in Paragraph 46.

47.     The University denies the allegations contained in Paragraph 47.

     a.     Assuming that N.A. is the student that counsel for Relators has represented to the University has those initials, the University admits that one of student applicant N.A.'s enrollment representatives was Green. The University denies that it submitted a claim to the DOE in connection with N.A. on July 30, 2012. To the extent Paragraph 47.a attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 47.a.

     b.     Assuming that D.G. is the student that counsel for Relators has represented has those initials, the University admits that one of student applicant D.G.'s enrollment representatives was Green. The University denies that it submitted a claim to the DOE in connection with D.G. on August 31, 2009. To the extent Paragraph 47.b attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 47.b.

     c.     Assuming that C.K. is the student that counsel for Relators has represented has those initials, the University admits that one of student applicant C.K.'s enrollment

8

representatives was Green. The University denies that C.K. submitted a claim to the DOE on December 8, 2010. To the extent Paragraph 47.c attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 47.c.

      d.      Assuming that L.R. is the student that counsel for Relators has represented has those initials, the University admits that one of student applicant L.R.'s enrollment representatives was Patrick Lynch. The University denies that it submitted a claim to the DOE in connection with L.R. on July 11, 2011. To the extent Paragraph 47.d attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 47.d.

      e.      Assuming that D.P. is the student that counsel for Relators has represented has those initials, the University admits that one of student applicant D.P.'s enrollment representatives was Green. The University denies that submitted a claim to the DOE in connection with D.P. on April 20, 2010.  To the extent Paragraph 47.e attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 47.e.

      f.      To the extent Paragraph 47.f attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  Relators' counsel has not represented the identity of the student identified as H.C. in Paragraph 47.f to the University, so the University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged allegations contained in Paragraph 47.f and, accordingly, the University denies the allegations.

      g.      To the extent Paragraph 47.g attempts to state legal conclusions, no

response is required, and, accordingly, the University denies the allegations. Relators' counsel has not represented the identity of the student identified as D.P. in Paragraph 47.g to the University, so the University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged allegations contained in Paragraph 47.g and, accordingly, the University denies the allegations.

48.     The University denies the allegations contained in Paragraph 48.

a.     Assuming that N.A. is the student that counsel for Relators has represented to the University has those initials, the University denies that student applicant N.A. met with Green on July 30, 2012. The University admits that Green met with student applicant N.A. on June 5, 2012 to discuss financial aid, and that student applicant N.A. completed a FAFSA at that time. The University admits that student applicant N.A. indicated on the FAFSA that the student applicant had a GED. The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Green and student applicant N.A. To the extent Paragraph 48.a attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations. The University denies the remaining allegations contained in Paragraph 48.a.

b.     Assuming that D.G. is the student that counsel for Relators has represented to the University has those initials, the University denies that student applicant D.G. met with Green on August 31, 2009. The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the allegations that Green met with student applicant D.G. on August 31, 2009, or alleged communications between Green and student applicant D.G. The University admits that student applicant D.G.

indicated on the FAFSA that the student applicant had a GED.  To the extent Paragraph 48.b attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 48.b.

        c.      Assuming that C.K. is the student that counsel for Relators has represented to the University has those initials, the University denies that Green met with student applicant C.K. on August 31, 2009.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of whether Green assisted student applicant C.K. in completing the FAFSA or alleged communications between Green and student applicant C.K.  The University admits that student applicant D.G. indicated on the FAFSA that the student applicant had a GED.  To the extent Paragraph 48.c attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 48.c.

        d.      Assuming that L.R. is the student that counsel for Relators has represented has those initials, the University denies that student applicant L.R. met with Patrick Lynch on August 31, 2009.  The University denies that student applicant L.R. submitted a FAFSA on or around August 31, 2009.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Patrick Lynch and student applicant L.R.  The University admits that student applicant L.R. indicated on the FAFSA that the student applicant had a GED.  To the extent Paragraph 48.d attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 48.d.

   e. Assuming that D.P. is the student that counsel for Relators has represented to the University has those initials, the University denies that student applicant D.P. met with Green on August 31, 2009.  The University denies that student applicant D.P. submitted a FAFSA on or about August 31, 2009.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Green and student applicant D.P.  The University admits that student applicant D.G. indicated on the FAFSA that the student applicant had a GED.  To the extent Paragraph 48.e attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 48.e.

   f. To the extent Paragraph 48.f attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  Relators' counsel has not represented the identity of the student identified as H.C. in Paragraph 48.f to the University, so the University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged allegations contained in Paragraph 48.f and, accordingly, the University denies the allegations.

   g. To the extent Paragraph 48.g attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.  Relators' counsel has not represented the identity of the student identified as D.P. in Paragraph 48.g to the University, so the University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged allegations contained in Paragraph 48.g and, accordingly, the University denies the allegations.

48.     The University denies the allegations contained in Paragraph 48.[2]

49.     The University denies the allegations contained in Paragraph 49.

50.     The University denies the allegations contained in Paragraph 50.

**3.      Tuition Waivers**

51.     The University admits that it offers certain groups of employees tuition assistance pursuant to its Education Tuition Program and that it has described this benefit as "very generous."  The University denies the remaining allegations contained in Paragraph 51.

52.     The University admits that employees of the University use the same general process as non-employee students to apply to the University.  The University also admits that applicants seeking federal financial aid complete a FAFSA as part of the financial aid process.  The University denies the remaining allegations contained in Paragraph 52.

53.     The University admits that certain employees were offered tuition assistance as a benefit of their University employment.  The University denies requiring all University employees to attend the University or to seek financial aid from the DOE.

54.     The University denies the allegations contained in Paragraph 54.

55.     The University admits that the information included in student FAFSAs is submitted to the DOE.  The University denies the remaining allegations contained in Paragraph 55.

56.     The University is without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the allegations contained in Paragraph 56, and, accordingly, the University denies them.

---

[2] The Complaint includes multiple paragraphs numbered 48.  To avoid confusion, the University has tracked the numbering in the Complaint.

57.    The University is without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the allegations contained in Paragraph 57, and, accordingly, the University denies them.

58.    The University admits that Green enrolled in the University in March 2010.  The University also admits that Green received the total amount of federal loans he applied for – $100 – on March 8, 2010.  The University admits that Green indicated on this application and his initial application in 2012 that he was receiving 100% employer tuition assistance and that he had a valid tuition waiver at this time.  The University denies the remaining allegations contained in Paragraph 58.

59.    The University denies the allegations contained in Paragraph 59.

60.    The University admits that Green completed an "Update or Change Other Resources" form dated March 9, 2012, checking a box on the form that said "I previously indicated that I did have other resources while attending the University, but I no longer have other resources to pay for future educational expenses," and submitted the same to the University.  The University admits that Green was awarded $10,199 in federal financial aid on May 18, 2012.  The University denies the remaining allegations contained in Paragraph 60.

61.    The University denies the allegations contained in Paragraph 61.

62.    The University admits that Green applied for and received certain student loans in March, April, and May 2010, but denies the remaining allegations contained in Paragraph 62.

63.    The University denies that Green was required to get a degree at the University. The University is without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the remaining allegations contained in Paragraph 63, and, accordingly, the University denies them.

64.     The University is without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the allegations contained in Paragraph 64 and, accordingly, the University denies them.

**4.     Tuition Waivers – Evidence of False Claims**

65.     The University denies the allegations contained in Paragraph 65.

66.     The University denies the allegations contained in Paragraph 66.

67.     The University denies the allegations contained in Paragraph 67.

68.     The University denies the allegations contained in Paragraph 68.

a.     The University denies that Green submitted a claim to the DOE on June 7, 2010 or May 7, 2012.  The University denies the remaining allegations contained in Paragraph 68.a.

b.     The Family Educational Rights and Privacy Act ("FERPA") generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.b about financial aid may be prohibited under FERPA.  Accordingly, the University denies the remaining allegations contained in Paragraph 68.b at this time.

c.     FERPA generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.c about financial aid may be prohibited under FERPA.  Accordingly, the University denies the remaining allegations contained in Paragraph 68.c at this time.

d.     FERPA generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.d about financial aid may be prohibited under FERPA.  Accordingly, the

University denies the remaining allegations contained in Paragraph 68.d at this time.

   e.  FERPA generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.e about financial aid may be prohibited under FERPA.  Accordingly, the University denies the remaining allegations contained in Paragraph 68.e at this time.

   f.  FERPA generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.f about financial aid may be prohibited under FERPA.  Accordingly, the University denies the remaining allegations contained in Paragraph 68.f at this time.

   g.  FERPA generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.g about financial aid may be prohibited under FERPA.  Accordingly, the University denies the remaining allegations contained in Paragraph 68.g at this time.

   h.  FERPA generally restricts the University from disclosing certain information about students.  Specifically responding to the allegations contained in Paragraph 68.h about financial aid may be prohibited under FERPA.  Accordingly, the University denies the remaining allegations contained in Paragraph 68.h at this time.

69.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Yolanda Singleton and the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 69.

70.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Jean David Desamour and

the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 70.

71.    The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between John Rogers and the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 71.

72.    The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Myesha Reynolds and the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 72.

73.    The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Travis Willis and the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 73.

74.    The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Justin Priest and the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 74.

75.    The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Kamran Moghadam and the unnamed enrollment managers, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 75.

### C.     Knowingly

76.     The FCA speaks for itself, and, accordingly, the University denies any allegations to the extent that the allegations are inconsistent therewith.  To the extent Paragraph 76 attempts to state legal conclusions, no response is required, and, accordingly, the University denies the allegations.

77.     The University denies the allegations contained in Paragraph 77.

78.     The University admits that Lee started working for the University in 2005 as an enrollment representative, that Tyson Haws and Brooks Green both have been her enrollment managers.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Lee and either Haws or Brooks Green, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 78.

79.     The University admits that Wayne McLaws was Lee's enrollment manager for part of 2010.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Lee and McLaws, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 79.

80.     The University admits that Maryann Perna was Lee's enrollment manager for part of 2012.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged communications between Lee and Perna, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 80.

81.     The University admits that Lauren Carson worked for the University in 2013, that

she was an enrollment director, and that, as an enrollment director, she oversaw enrollment

managers, but it denies she was an employment director.  The University is without knowledge

or information sufficient to form an opinion or belief as to truth or falsity of the alleged

nonspecific communications between Lee and Carson, and, accordingly, the University denies

the allegations.  The University denies the remaining allegations contained in Paragraph 81.

82.     The University is without knowledge or information sufficient to form an opinion

or belief as to truth or falsity of the alleged nonspecific communication from Lee to the

"Director's Ombudsman whose role was to resolve internal complaints," and, accordingly, the

University denies the allegations.  The University denies the remaining allegations contained in

Paragraph 82.

83.     The University admits that Dara Lee worked for the University in 2014.  The

University is without knowledge or information sufficient to form an opinion or belief as to truth

or falsity of the alleged nonspecific communication from Lee to Dara Lee, and, accordingly, the

University denies the allegations.  The University denies the remaining allegations contained in

Paragraph 83.

84.     The University denies that Lee was required to enroll as a student at the

University.  The University is without knowledge or information sufficient to form an opinion or

belief as to truth or falsity of the alleged nonspecific communications between Lee and McLaws,

Haws, and Brooks Green and, accordingly, the University denies the allegations.  The University

denies the remaining allegations contained in Paragraph 84.

85.     The University admits that Elisa Butler and Joel Terman both worked for the

University.  The University is without knowledge or information sufficient to form an opinion or

belief as to truth or falsity of the alleged nonspecific communications between Green and Elisa

Butler or Joel Terman therefore denies the allegations.  The University denies the remaining allegations contained in Paragraph 85.

86. The University denies that Joe D'Amico was the University's Chief Operating Officer in 2010.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged nonspecific communications about verifying GEDs or high school diplomas.  To the extent that the allegations contained in Paragraph 86 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 86.

87. The University denies the allegations contained in Paragraph 87.

88. The University admits that Dwayne Newsome was a University employee in June 2012.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged nonspecific communications between Green and Newsome and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 88.

89. The University admits that the Higher Learning Commission accredits degree-granting post-secondary educational institutions and that an inspection by the Higher Learning Commission for the University's Cleveland campus occurred on or about June 13, 2012.  The University also admits that Green was terminated on June 12, 2012.  The University denies the remaining allegations contained in Paragraph 89.

90. The University admits that Sequitha VanDeHorst was a University enrollment representative at the University's Cleveland campus.  To the extent that the allegations contained in Paragraph 90 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in

20

Paragraph 90.

91.     The University admits that John Rogers was a University enrollment representative at the University's Cleveland campus.  To the extent that the allegations contained in Paragraph 91 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.  The University is without knowledge or information sufficient to form an opinion or belief as to truth or falsity of the alleged nonspecific communications he allegedly had with Joel Terman.  The University denies the remaining allegations contained in Paragraph 91.

92.     The University admits that Yolanda Singleton was a University enrollment representative at the University's Cleveland campus.  To the extent that the allegations contained in Paragraph 92 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 92.

93.     The University admits that Travis Edward Wills was a University enrollment representative at the University's Cleveland campus.  To the extent that the allegations contained in Paragraph 93 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.  The University denies the remaining allegations contained in Paragraph 93.

94.     The University denies the allegations contained in Paragraph 94.

### Count I

**False Claims Act**
**31 U.S.C. § 3729(a)(1) & (2) (1986)**
**31 U.S.C. § 3729(a)(1)(A) & (B) (2009)**

95.     The University re-alleges and incorporates by reference its responses to

Paragraphs 1 through 94 above as if fully set forth herein.

96.     The University admits that the Complaint purports to assert a claim for treble damages and penalties under the FCA in Paragraph 96, but denies that it is liable under the FCA in connection with the Complaint's allegations and that any relief sought in the Complaint is warranted.  To the extent that the allegations contained in Paragraph 96 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.

97.     The University denies the allegations contained in Paragraph 97.

98.     The University denies the allegations contained in Paragraph 98.

99.     The University denies the allegations contained in Paragraph 99.

100.    The University denies the allegations contained in Paragraph 100.

101.    Paragraph 101 attempts to state legal conclusions, so no response is required, and, accordingly, the University denies the allegations.

102.    The University denies the allegations contained in Paragraph 102.

## Count II

### False Claims Act
### 31 U.S.C. § 3729(a)(1)(G) (2009)

103.    The University re-alleges and incorporates by reference its responses to Paragraphs 1 through 102 above as if fully set forth herein.

104.    The University admits that the Complaint purports to assert a claim for treble damages and penalties under the FCA in Paragraph 104, but denies that it is liable under the FCA in connection with the Complaint's allegations and that any relief sought in the Complaint is warranted.  To the extent that the allegations contained in Paragraph 104 call for a legal conclusion, no response is required, and, accordingly, the University denies the allegations.

105.    The University denies the allegations contained in Paragraph 105.

106.    The University denies the allegations contained in Paragraph 106.

107.    The University denies the allegations contained in Paragraph 107.

108.    Paragraph 108 attempts to state legal conclusions, so no response is required, and, accordingly, the University denies the allegations.

## GENERAL DENIAL

To the extent not specifically admitted above, the University denies each and every allegation in the Complaint, including, without limitation, the allegations contained in the headings, subheadings and "Prayer for Relief."  The University expressly reserves the right to amend and/or supplement its Answer.

## THE UNIVERSITY'S AFFIRMATIVE DEFENSES

The University reserves the right to assert additional Affirmative Defenses as discovery progresses and, by asserting the following defenses, does not shift any burden of proof or persuasion or assume the need to prove any element of any claim asserted by Relators.

### FIRST DEFENSE

The Complaint fails to state a claim against the University upon which relief may be granted.

### SECOND DEFENSE

Many of the claims stated in the Complaint are barred by applicable statutes of limitations.

### THIRD DEFENSE

The Complaint's claims dated before March 23, 2010 are jurisdictionally barred, in whole or in part, under the applicable version of the FCA's public disclosure bar.

23

## FOURTH DEFENSE

The Complaint's claims dated on or after March 23, 2010 should be dismissed, in whole or in part, under the applicable version of the FCA's public disclosure bar.

## FIFTH DEFENSE

Upon information and belief, Lee does not have standing to pursue claims under the FCA because she failed to comply with the requirements of 31 U.S.C. § 3770(b)(2).

## SIXTH DEFENSE

To the extent that Relators' material allegations are proven to be true, which the University denies, the Complaint and all claims therein are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

To the extent that Relators' material allegations are proven to be true, which the University denies, the Complaint and all claims therein are barred, in whole or in part, by the doctrine of *in pari delicto*.

## EIGHTH DEFENSE

To the extent that Relators' material allegations are proven to be true, which the University denies, the Complaint and all claims therein are barred, in whole or in part, by Relators' own illegal, intentional, and fraudulent conduct and the fact Relators were exceeding the scope of their employment to the detriment of the United States Government and the University.

## NINTH DEFENSE

Relators are not entitled to damages, in whole or in part, due to material breaches of the terms of their respective employment agreements.

### TENTH DEFENSE

The Complaint's claims are barred in whole or in part by the doctrine of estoppel.

### ELEVENTH DEFENSE

Relators have failed to meet their pleading burden, including failing to plead fraud with the adequate degree of specificity and particularity as required, to establish the requisite statutory elements to establish that Relators are entitled to relief under the FCA.

### TWELFTH DEFENSE

The University state that it acted in conformity with the federal and state regulations, standards, specifications and laws, and, consequently, recovery by Plaintiff is barred.

### THIRTEENTH DEFENSE

Many of the claims stated in the Complaint are barred by the doctrine of laches.

### CONCLUSION AND REQUEST FOR RELIEF

The University denies that Relators are entitled to any relief whatsoever in connection with the allegations in the Complaint.  To the extent that Relators' prayer for relief states legal conclusions, no response is required, and the request is therefore denied.

WHEREFORE, the University respectfully requests judgment as follows:

1.      That the Complaint and claims be dismissed with prejudice, and Relators take nothing against the University; and

2.      That the University is entitled to recover its attorneys' fees under 31 U.S.C. Section 3730(d)(4); and

3.      That the University is awarded such other and further relief, both legal and equitable, to which the University shows that it is entitled.

**DATED:** March 20, 2017                Respectfully Submitted,

                           */s/ William R. Mitchelson, Jr.*
                           Robert G. Cohen
                           Ohio State Bar No. 0041707
                           rcohen@keglerbrown.com
                           **KEGLER, BROWN, HILL & RITTER**
                           Capital Square, Suite 1800
                           65 East State Street
                           Columbus, Ohio  43125
                           (614) 462-5400 – Telephone
                           (614) 464-2634 – Facsimile

                           William R. Mitchelson, Jr. (admitted *pro hac vice*)
                           Georgia State Bar No. 513811
                           Mitch.Mitchelson@alston.com
                           **ALSTON & BIRD LLP**
                           1201 West Peachtree Street
                           Atlanta, Georgia 30309
                           (404) 881-7000 – Telephone
                           (404) 881-7777 – Facsimile

                           **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On March 20, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Ohio, using the electronic case filing system of the court.  I hereby certify that I have served all counsel or parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Warner Mendenhall
The Law Offices of Warner Mendenhall, Inc
190 North Union Street, Suite 201
Akron, OH  44304-1362
warnermendenhall@gmail.com
(330) 535-9160 – Telephone
(330) 762-9743 – Facsimile
*Attorney for Relator*

                           */s/ William R. Mitchelson, Jr.*
                           William R. Mitchelson, Jr.